Per Curiam.
Respondent was admitted to practice by this Court in 1998 and is currently employed as an associate at a law firm in the City of Syracuse, Onondaga County. By petition dated December 15, 2015, containing 10 charges and 27 specifications, petitioner alleged that respondent incompetently and negligently handled the administration of an estate, revealed confidential information obtained from the client, engaged in a conflict of interest and failed to cooperate with petitioner’s investigation in contravention of the Rules of Professional Conduct. Following a hearing, the Referee determined that seven of the charges had been established by a preponderance of the evidence and found respondent not guilty of three charges involving allegations that she engaged in a conflict of interest, improperly disclosed confidential information from a former client and failed to take steps to avoid foreseeable prejudice to the rights of the client upon withdrawal from representation.* Petitioner initially moved to confirm the Referee’s report in its entirety; however, after failing to timely respond to the motion, respondent thereafter successfully cross-moved for an extension of time in which to respond to petitioner’s motion to confirm. Respondent now opposes petitioner’s motion to confirm on the ground that she was denied due process of law insofar as she was unable to present evidence at her disciplinary hearing regarding certain mental health conditions that she claims substantially interfered with her ability to practice law, to which petitioner has replied.
Upon consideration of the facts, circumstances and record *1243 before us, and having heard respondent at oral argument, we conclude that respondent was not denied her right to due process in the disciplinary hearing before the Referee. We are unpersuaded that respondent’s underlying mental health issues affected her ability to represent herself during the subject disciplinary hearing. Respondent was furnished with adequate notice of her ability to present any defenses or mitigating evidence relevant to the subject charges of professional misconduct and elected not to do so. Further review of the record reveals that she ably participated in the disciplinary hearing before the Referee, including cross-examining a witness and testifying on her own behalf. Notably, upon inquiry by the Referee, respondent affirmatively represented that she had been provided a full and fair opportunity to present evidence in her defense and/or in mitigation, and she declined an opportunity to submit proposed findings of fact and conclusions of law subsequent to the hearing.
We further find that all seven charges sustained by the Referee were established by a fair preponderance of the evidence; accordingly, we confirm the Referee’s report in its entirety. We similarly find respondent guilty of the charged misconduct sustained in the report.
Turning to the issue of the appropriate disciplinary sanction, we note respondent’s disciplinary history, including the imposition of a prior letter of admonition and two letters of caution. In mitigation, we credit respondent’s submissions indicating that she was suffering from certain mental health issues during the relevant time period for which she is presently seeking treatment. Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that, under the circumstances, respondent should be suspended from the practice of law for a period of nine months, effective immediately (see Matter of Koziol, 107 AD3d 1137, 1138 [2013]). Furthermore, in view of the circumstances presented, we direct that, in addition to the necessary papers that all attorneys suspended for more than six months must submit in support of an application seeking reinstatement to the practice of law (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), any subsequent reinstatement application filed by respondent shall also include a report from her mental health treatment provider assessing her capacity to practice law, including documentation that, during the period of her suspension, she both has been, and continues to be, in compliance with any recommended course of mental health treatment.
*1244 McCarthy, J.P., Garry, Egan Jr., Rose and Devine, JJ., concur.
Ordered that petitioner’s motion to confirm the Referee’s report is granted; and it is further ordered that respondent is found guilty of the professional misconduct as specified in the Referee’s report; and it is further ordered that respondent is suspended from the practice of law for a period of nine months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

 Petitioner, in its posthearing submission to the Referee, withdrew from consideration two specifications contained in the petition of charges.